IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| CLIFTON PIERSON, | : | Case No. 1:20-cv-00435 |
| Plaintiff, | : | |
| | : | District Judge Michael R. Barrett |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| DRC DIRECTOR, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS

Plaintiff, an inmate in state custody who is proceeding without the assistance of counsel, filed this civil rights action under 42 U.S.C. § 1983. This matter comes before the undersigned for a Report and Recommendations on Defendants' Motion for Summary Judgment ("SJ Motion," Doc. No. 15) and Defendants' Motion to Dismiss for Lack of Prosecution ("Motion to Dismiss," Doc. No. 20).

Defendants filed their SJ Motion on August 30, 2021. Plaintiff did not file a response. On October 4, 2021, the Court issued an Order to Show Cause that required Plaintiff to "show cause, in writing on or before October 25, 2021, why Defendants' motion for summary judgment should not be construed as unopposed and granted for the reasons stated." ("First Show Cause Order," Doc. No. 16.) Upon Plaintiff's request, the Court extended his response deadline to December 2, 2021. Despite being granted this extension of time, Plaintiff never filed a response to either the SJ Motion or the First Show Cause Order.

1

Defendants filed their Motion to Dismiss on March 3, 2022. Again, Plaintiff did not file a response. On May 13, 2022, the Court issued an Order to Show Cause that stated: "Plaintiff is hereby ORDERED TO SHOW CAUSE not later than June 13, 2022 why Defendants' Motion to Dismiss should not be granted for the reasons stated. Additionally, Plaintiff is placed on notice that if he does not respond to this Order to Show Cause, the Court will proceed to decide the Motion and Plaintiff will waive any arguments that he might have raised in opposition to the Motion." ("Second Show Cause Order," Doc. No. 22.) Again, Plaintiff did not respond to either the Motion to Dismiss or the Second Show Cause Order.

This Court considers the following factors when determining whether to dismiss a case for lack of prosecution pursuant to Fed. R. Civ. P. 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

Here, all four factors weigh in favor of dismissal. As to the first factor, the fact that Plaintiff is not represented by counsel does not excuse his willful failure to obey this Court's clear and straightforward Show Cause Orders. *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991) (affirming dismissal for lack of prosecution where a *pro se* plaintiff "failed to adhere to readily comprehended court deadlines of which he was well-aware"). The fact that Plaintiff requested an extension of time to respond to the First

2

Show Cause Order shows that he understood the significance of the Court's order and the necessity of responding to it. *Id*. He nevertheless failed to do so.

The second factor also weighs in favor of dismissal. Litigation is often expensive, time-consuming and stressful for the parties. As a general matter, defendants are prejudiced when a case filed against them is unduly prolonged by a plaintiff's failure to respond to their dispositive motions or otherwise to prosecute the matter.

The third factor similarly weighs in favor of dismissal. The Court warned the Plaintiff in both of its Show Cause Orders that a failure to respond to the Motion at issue could lead to it being construed as unopposed and granted for the reasons stated therein.

Finally, the fourth factor weighs in favor of dismissal. The Court twice ordered the Plaintiff to respond to pending dispositive motions, and he twice failed to do so. Given the Plaintiff's failure to comply with the Court's orders, no sanction short of dismissal would be appropriate. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Accordingly, IT IS RECOMMENDED that Defendants' Motion to Dismiss for Lack of Prosecution (ECF No. 20) be GRANTED, and that Plaintiff's Complaint be DISMISSED, for the reasons stated in the Motion and due to Plaintiff's failure to respond to the Show Cause Orders or prosecute this matter. In addition, IT IS RECOMMENDED that Defendants' Motion for Summary Judgment (ECF No. 15) be DENIED as moot.

Procedure on Objections

If any party objects to this Report and Recommendation (Report), that party may, within fourteen (14) days of the date that this Report was filed, file and serve written objections to specific findings or recommendations along with supporting authority for the objection(s). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. A District Judge will then make a *de novo* determination of the portions of the report, findings, or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, this Court's findings or recommendations, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are advised that a failure to object to the Report will result in a waiver of a party's right (1) to have the District Judge review the Report *de novo* and (2) to appeal a decision of the District Court adopting the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                     */s/ Caroline H. Gentry*
                                                     Caroline H. Gentry
                                                     United States Magistrate Judge